UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| JOSE ANDRES REYNOSO, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | 2:12-cv-00165-DBH |
| | ) | 2:08-cr-00111-DBH |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Respondent | ) | |

**<u>RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION</u>**

Jose Andres Reynoso has filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, and a motion to amend his section 2255 motion. (ECF Nos. 80, 104.)  He argues in his initial motion that counsel provided ineffective assistance by failing to prepare adequately for sentencing and by failing to object to either the finding that Reynoso had a leadership role in the underlying drug crime or the amount of drugs attributed to him.  His motion to amend seeks relief under <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013).  His reply to the government's answer, response, and request for dismissal clearly and explicitly abandons the arguments made in his initial motion and retains only the argument made in his motion to amend.  I address Reynoso's original ineffective assistance claims briefly and determine that even if he had not deliberately abandoned them, he waived them by failing to provide any factual support for them, and the record does not support them.  I recommend that the court deny his motion for relief under <u>Alleyne</u>.

**Factual and Procedural Background**

Reynoso was indicted in June 2008 of conspiring to distribute and to possess with intent to distribute crack cocaine in 2007, in violation of 21 U.S.C. § 841(a)(1), 846. (Indictment, ECF No. 1.) In November 2008, he pleaded guilty at a hearing conducted pursuant to Fed. R. Crim. P. 11. (Rule 11 Tr., ECF No. 55.) At the plea hearing, the court found after extended inquiry that Reynoso knowingly and voluntarily gave up his right to a jury trial. (Rule 11 Tr. at 9, 17-18.)

As to the facts that formed the basis for the indictment, Reynoso said at the hearing that he could not agree with the prosecution version statement that certain witnesses would testify that he was the source of the seized drugs on the date in question, but he did agree that he was in fact the source of the quantities alleged in the prosecution version, and he otherwise agreed to the entirety of the prosecution version of the events. (Rule 11 Tr. at 11-14.) Specifically, Reynoso admitted that he was the source of 19.7 grams of cocaine base and 9.7 grams of heroin found in the trunk of a car. He also admitted that he was the source of drugs seized on December 6, 2007. (Prosecution Version at 1-2, ECF No. 18.) On that date, agents actually searched both the car, which was stopped in Biddeford, Maine, and Reynoso's apartment, located in Lawrence, Massachusetts. Reynoso admitted that cocaine was found in the apartment, although he disputed the amount for which he was responsible. (Sentencing Tr. at 105-06, ECF No. 51.) Finally, the prosecution version added that "on other occasions Reynoso was a source of supply for distributable quantities of cocaine, cocaine base, and heroin." (Prosecution Version at 2.) Specific amounts were not alleged in the prosecution version for those occasions.

According to counsel's motion to withdraw, Reynoso told him in March 2009, i.e., several months after Reynoso's November 2008 guilty plea, that Reynoso had "lost all confidence in his attorney and no longer wished to be represented by the Federal Defender's

2

Office of Maine." (Motion to Withdraw at 1, ECF No. 30.) A hearing was held in March 2009, with Reynoso and counsel in attendance. The court asked Reynoso to explain why he wanted counsel to withdraw. (Motion Hearing Tr. at 15, ECF No. 56.) Reynoso said that there had been a breakdown in communication and he did not trust counsel, and "he wants me to plead to things that I feel I'm not guilty to, also." (Motion Hearing Tr. at 15.)

At the sentencing hearing, Reynoso's attorney argued against an upward adjustment for a leadership role. (Sentencing Tr. at 124.) He also argued that Reynoso was not responsible for the quantity the government attributed to him. (Sentencing Tr. at 107-13.) In May 2009, Reynoso was sentenced to a term of imprisonment of 125 months, followed by a term of five years of supervised release. (Judgment at 2-3, ECF No. 46.)

In May 2009, Reynoso timely appealed from the District Court's decision denying his counsel's motion to withdraw and denying his motion to withdraw his plea prior to sentencing. In January 2011, the First Circuit Court of Appeals held that the District Court did not err or abuse its discretion in determining that Reynoso failed to demonstrate his entitlement to replacement counsel. The Court also held that the District Court did not err or abuse its discretion in failing to hold a hearing or conducting any further inquiry into the basis for Reynoso's request to withdraw his plea. United States v. Reynoso, No. 09-1649 (1st Cir. Jan. 19, 2011) (ECF No. 62.) On May 23, 2011, the United States Supreme Court denied Reynoso's petition for a writ of certiorari.

In September 2011, Reynoso moved to have the sentence reduced pursuant to the Fair Sentencing Act. (Motion and Amended Motion, ECF Nos. 67, 71.) The court granted the motion, reducing the sentence from 125 months to 120 months. (Order, ECF No. 72.) In

December 2011, Reynoso once again appealed, this time appealing the decision reducing his sentence. (Notice of Appeal, ECF No. 74.)

On May 18, 2012, Reynoso filed a timely motion pursuant to 28 U.S.C. §2255, arguing that counsel was ineffective because he failed to investigate and prepare for sentencing, failed to object to the leadership enhancement, and failed to object to the overstatement of drug amounts. (Motion at 3.) In response to the Court's order that Reynoso provide additional factual content in support of his claims of ineffective assistance, he filed an affirmation alleging that counsel lied to him to induce his plea, telling him that a guilty plea was the only way to avoid a minimum mandatory sentence. (Affirmation at 2-3, ECF No. 84.) The Court then granted the government's motion to hold Reynoso's section 2255 motion in abeyance pending the outcome of the direct appeal. (Order, ECF No. 89.)

In December 2012, the First Circuit denied Reynoso's appeal of the sentence reduction on the basis that Reynoso had already received the sentencing reduction he requested. (Judgment at 1, ECF No. 90.) Additionally, the Court held that in any event Reynoso would not be entitled to a reduction of the sentence below the statutory minimum of 120 months. Id. The First Circuit added a "coda" that Reynoso asserted "that the drugs that precipitated his indictment were certified by an assistant analyst at the Massachusetts State Laboratory Institute whose conduct is now under investigation." The First Circuit noted that "[t]he present appeal is not the appropriate forum for consideration of this issue," adding that it expressed no view as to what procedural mechanism, if any, would be appropriate for consideration of this question. Id. at 2. In the District Court, counsel was appointed solely to address this issue, and that counsel communicated with Reynoso and wrote to the District Court stating that the laboratory issue would not affect Reynoso's sentencing because he was sentenced to the statutory minimum.

4

(Status Report, ECF No. 96.)  Counsel then moved to withdraw and the motion was granted. (Motion, ECF No. 101; Order, ECF No. 102.)

I issued an order to show cause stating that it appeared that no further action was necessary on the laboratory testing issue and ordering Reynoso to show cause why his section 2255 action should proceed, what he seeks to achieve, and why he believes his original petition filed in May 2012 was timely.  (Order, ECF No. 100.)  Reynoso then filed a motion to amend his section 2255 motion in July 2013.  (Motion to Amend, ECF No. 104.)  Now pending are Reynoso's original section 2255 motion and his motion to amend.  (ECF Nos. 80, 104.)

## Discussion

**1. Timeliness of the Initial Section 2255 Motion**

There is no dispute concerning timeliness of Reynoso's original section 2255 motion. However, the government does dispute the timeliness of his motion to amend.  (Response at 19-20.)

The statute of limitations for post-conviction petitions is 28 U.S.C. § 2255(f), which provides:

> A 1-year period of limitation shall apply to a motion under this Section.  The limitation period shall run from the latest of—
>
> (1) The date on which the judgment of conviction becomes final;
>
> (2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented
> could have been discovered through the exercise of due diligence.

See Turner v. United States, 699 F.3d 578, 582 (1st Cir. 2012).

Reynoso's initial motion was timely filed pursuant to section 2255(f)(1), because it was filed on May 18, 2012, i.e., just under one year from the May 23, 2011, date on which the Supreme Court denied certiorari and the judgment became final. See In re Smith, 436 F.3d 9, 10 (1st Cir. 2006). The fact that Reynoso subsequently requested and received a sentence reduction under 18 U.S.C. 3582(c)(2) does not change the date on which his judgment became final. Section 3582(b) states in relevant part: "Notwithstanding the fact that a sentence to imprisonment can subsequently be . . . modified pursuant to the provisions of subsection (c) . . . a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes." 18 U.S.C. § 3582(b)(1); see United States v. Sanders, 247 F.3d 139, 143 (4th Cir. 2001) (holding that a judgment of conviction is a final judgment for purposes of triggering the statute of limitation under 28 U.S.C. § 2255, despite a later sentence modification under 18 U.S.C. § 3582(b)(1)).

   **2. The Timeliness of the Motion to Amend**

Reynoso's motion to amend argues that he is entitled to relief under the recent Supreme Court case of Alleyne, 133 S. Ct. 2151. (Motion to Amend at 1-2.) His reply to the government's response to his motion to amend argues that the government waived any challenge to his Alleyne argument. (Reply at 1-2.)

Reynoso filed his motion to amend on July 18, 2013, i.e., more than one year after the May 23, 2011, date on which the judgment became final. Because the motion to amend is based on a Supreme Court case that was published after the section 2255(f)(1) one-year deadline from the date of final judgment had passed, the applicable limitation period is set forth in section

2255(f)(3). In order for Reynoso's motion to amend to be considered timely under section 2255(f)(3), the right he asserts under Alleyne must be both newly recognized and retroactive. Thus, timeliness under section 2255(f)(3) must be determined by reviewing the status of the underlying right the petitioner seeks to assert; if the right is not both newly recognized and retroactively applicable, the period of limitation set forth in section 2255(f)(3) does not apply.

The Supreme Court's holding in Alleyne is an extension of its holding in Apprendi v. New Jersey, 530 U.S. 466, 477 (2000). As the plurality explained in Alleyne, the Court held in Apprendi that "any fact that increased the prescribed statutory maximum sentence must be an 'element' of the offense to be found by the jury." Alleyne, 133 S. Ct. at 2157 (emphasis added) (citing Apprendi, 530 U.S. at 483, n.10, 490). In Alleyne, the Supreme Court held that because mandatory minimum sentences increase the penalty for a crime, "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." Id. at 2155. In extending the logic of Apprendi to mandatory minimum sentences, the Court explicitly overruled Harris v. United States, 536 U.S. 545 (2002). Alleyne, 133 S. Ct. at 2163.

The First Circuit has not yet had the opportunity to consider whether Alleyne applies retroactively, pursuant to either section 2255(h)(2) or (f)(3). However, it has held that Apprendi "'prescribes a new rule of criminal procedure' that may not be applied retroactively to cases on collateral review." Marquez v. United States, 91 F. App'x 162 (1st Cir. 2004) (quoting Sepulveda v. United States, 330 F.3d 55, 63 (1st Cir. 2003)). Other circuit courts have held that Alleyne represents a new rule of constitutional law, but that it has not been made retroactive on collateral review by the Supreme Court. See In re Payne, No. 13-5103, 2013 WL 5200425, at *1, 2013 U.S. App. Lexis 19194, at *3 (10th Cir. Sept. 17, 2013) (determining―in the context of a motion to authorize a second or successive motion to vacate, set aside or correct a sentence,

pursuant to section 2255(h)(2)—that Alleyne represents newly recognized constitutional law); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013) (same). I conclude that Alleyne, like Apprendi, represents a new rule of constitutional law.

Reynoso's motion to amend directly raises the issue of whether Alleyne is retroactively applicable to cases on collateral review. As mentioned above, the First Circuit concluded in Sepulveda that Apprendi was not retroactively applicable to cases on collateral review. Sepulveda, 330 F.3d at 63 (citing Teague v. Lane, 489 U.S. 288 (1989)). In Simpson, the Seventh Circuit noted that "[t]he Justices have decided that other rules based on Apprendi do not apply retroactively on collateral review." Id. (citing Schriro v. Summerlin, 542 U.S. 348 (2004)). "This implies that the Court will not declare Alleyne to be retroactive. Id.; see also Bultmeyer v. Grondolsky, No. 13-40119-FDS, 2013 WL 5538450, at *5 n.10, 2013 U.S. Dist. Lexis 144704, at *17-19 n.10 (D. Mass. Oct. 4, 2013) (collecting cases and noting that the case law indicates that Alleyne is not being applied retroactively to cases on collateral review). I conclude that Reynoso is not entitled to relief under section 2255(f)(3) because Alleyne is not retroactively applicable to his motion to amend.

Reynoso alternatively argues that his motion to amend is timely under Fed. R. Civ. P. 15(c) because it "relates back" to his initial, timely-filed motion. Rule 15(c) states in relevant part that "[a]n amendment to a pleading relates back to the date of the original pleading when: (A) the law that provides the applicable statute of limitations allows relation back; [or] (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(A), (B). The First Circuit has held that "[t]he relation back provision in habeas petitions is strictly construed" and does not apply to the limitations period that is based on section 2255(f)(3). Turner, 699 F.3d

at 585-86. Another district court similarly recognized that a "motion to re-open," which was filed within one year of the Supreme Court ruling on which the "motion to re-open" was based, did not "relate back" to the initial section 2255 motion under Rule 15(c). Alshalabi v. United States, No. 11 CV 1421(RJD), 2012 WL 3779226, at *1 n.3, 2012 U.S. Dist. Lexis 123881, at *4-7 n.3 (E.D.N.Y. Aug. 29, 2012). The court reasoned that "relation back" did not apply because the later motion "seeks to advance what [the prisoner] himself admits is [a] 'right' that was not recognized" until the decision was published. Id., 2012 WL 3779226, at *1 n.3, 2012 U.S. Dist. Lexis 123881, at *6 n.3.

    I conclude that Reynoso's motion to amend does not relate back to his initial motion under Rule 15(c)(1)(A) because the law that provides the applicable statute of limitations, 28 U.S.C. § 2553(f)(3), does not allow relation back when the motion is based on Alleyne. The motion to amend does not relate back to the initial motion pursuant to Rule 15(c)(1)(B) because the motion to amend is based on a new claim that relies on after-the-fact case law developments rather than on the conduct that was at issue in the initial motion. Furthermore, as the First Circuit concluded in Turner, "[t]his is not a case in which the application of time limits threatens any obvious injustice." 699 F.3d at 588. Furthermore, I note that other than citing Alleyne, Reynoso does not state how the case would apply to his plea of guilty or what relief he now seeks. He has essentially left his Alleyne argument undeveloped.

    **3. The Status of the Ineffective Assistance Claims**

    Reynoso repeatedly and clearly articulated in his reply that he intended to abandon all claims except the one he asserts in his motion to amend concerning Alleyne. The claims he had previously asserted alleged ineffective assistance of counsel—specifically, that counsel failed to investigate and prepare adequately for sentencing, failed to object to the application of a

9

leadership role, and failed to argue against the government's allegations concerning the quantity of drugs. Reynoso references the abandonment of all claims except <u>Alleyne</u> no fewer than five times in his reply. (Reply at 3-4.) He states: "In the instant case, Reynoso requested that he be granted leave to amend his pleading to incorporate his <u>Alleyne</u> argument and abandoned his less meritorious claims." (Reply at 3.) He states that he "is abandoning frivolous arguments and seeks to replace them with a meritorious claim that his objection was timely preserved." (Reply at 4.) Finally, he states: "Moreover, Reynoso's amended petition abandoned the arguments which the government now seeks to challenge in its responsive pleading. The government is foreclosed from advancing arguments to abandoned claims." (Reply at 4.)

The Supreme Court has held that a prisoner seeking habeas relief "may be deemed to have waived his right" to be heard on claims he previously "deliberately abandon[ed]." <u>Sanders v. United States</u>, 373 U.S. 1, 18 (1963) (holding that a prisoner may be deemed to have waived a claim asserted in a second or successive application after the prisoner deliberately abandoned the claim at the first hearing). I conclude that Reynoso has abandoned his ineffective assistance claims.

Even if Reynoso had not deliberately abandoned the ineffective assistance arguments raised in his initial motion, however, I would have considered them waived because he has failed to offer any factual or legal support for them. See <u>Barreto-Barreto v. United States</u>, 551 F.3d 95, 99-100 (1st Cir. 2008). I entered an order reserving ruling on his initial motion and giving Reynoso the opportunity to provide additional factual content in support of his claim. (ECF No. 81.) Reynoso's affirmation, however does not provide any evidence in support of the ineffective assistance claims in his initial motion, i.e., the claims of lack of preparation for sentencing, failure to object to a leadership role, or failure to object to the amount of drugs. Rather, the

affirmation is focused solely on a new allegation that counsel lied to Reynoso to induce his plea. I conclude that the ineffective assistance claims set forth in his initial motion are waived.

Furthermore, the record contravenes all of Reynoso's ineffective assistance claims, including those in the initial motion and the claim of inducing his plea. At sentencing, counsel did argue against a sentencing enhancement based on Reynoso's leadership role in the crime, and counsel argued that Reynoso was not responsible for the quantity of drugs for which the government argued he should be held responsible. There is no indication in the record that counsel was ill-prepared for sentencing.

Reynoso's claim that counsel told him he had no option but to plead guilty in order to avoid a mandatory minimum sentence is belied by the record and not independently corroborated. In the plea colloquy, Reynoso told the court that no one had made any promise to him as to what the sentence would be. (Rule 11 Tr. at 16-17.) The First Circuit has held that representations made by the defendant at the plea colloquy should not be disregarded unless the defendant's later allegations, i.e., allegations in derogation of his own plea colloquy statements, are "highly specific" and independently corroborated. United States v. Santiago Miranda, 654 F.3d 130, 138 (1st Cir. 2011) (quotation marks omitted). "[A] defendant's 'declarations in open court carry a strong presumption of verity.'" Id. (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)). "Without independent corroboration, 'we not only view his plea colloquy as evidential, but sufficiently conclusive to contradict his claims.'" Id. (quoting United States v. Pulido, 566 F.3d 52, 60 (1st Cir. 2009) (quotation marks omitted)).

Although Reynoso complained in the hearing on counsel's motion to withdraw that counsel wanted him to plead guilty when he felt he was not guilty, and that he did not trust counsel, Reynoso did not say anything in that hearing to the effect that counsel induced him to

plead guilty by making some sort of promise that by pleading he could avoid the mandatory minimum sentence. He provides no independent corroboration to support a determination that his responses in the plea colloquy should be disregarded. I conclude that there is no reason to disregard his statement in the plea colloquy that no one made any promise to him as to what the sentence would be.

The government detailed several additional arguments concerning procedural default. (Government's Response at 16-19, ECF No. 111.) I do not address these arguments because in Reynoso's reply, he explicitly abandoned those claims. (Reply at 4, ECF No. 116.)

## Conclusion

For the reasons stated above, no evidentiary hearing is warranted under Rule 8 of the Rules Governing Section 2255 Cases and I recommend that the Court deny Reynoso's motion for habeas relief under 28 U.S.C. § 2255 and his motion to amend. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

October 31, 2013