UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>  )<br>  )<br>v.   )<br>  )<br>JOSE ANDRES REYNOSO,   )<br>  )<br>                    DEFENDANT   ) | CRIMINAL NO. 2:08-CR-111-DBH |

### *SUA SPONTE* ORDER ON DEFENDANT'S MOTION FOR SENTENCE REDUCTION

In August of 2014 the defendant Jose Andres Reynoso filed a motion requesting appointment of counsel to seek a sentence reduction and a motion for sentence reduction based upon the United States Sentencing Commission's then-recent decision. Mot. for Appointment of Counsel & Mot. to Reduce Sentence (ECF Nos. 138 and 139). I denied his motions as premature because the Amendment to the Sentencing Guidelines, by its language, directed that no release based upon its terms could occur earlier than November 2015. Order on Def.'s Mot. For Appointment of Counsel and Mot. To Reduce Sentence (ECF No. 140).

I now *sua sponte* order that the defendant is not eligible for a sentence reduction. Reynoso pleaded guilty to Conspiracy to Possess with Intent to Distribute 5 Grams or More of Cocaine Base, Cocaine or Heroin under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846. A 10-year minimum mandatory prison term applied because Reynoso's crime involved drug quantities exceeding the

equivalent of 1000 kilograms of marijuana.  Tr. of Proceeding as to Jose Andres Reynoso Sentencing at 134 (ECF No. 51).  I imposed a sentence of 125 months on May 28, 2009.  Id.  On December 7, 2011, I granted the defendant's motion to reduce his sentence of 125 months to the mandatory minimum of 10 years' (120 months') imprisonment pursuant to the Fair Sentencing Act.  Order Regarding Mot. For Sentencing Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 72).

On appeal, the First Circuit affirmed my order reducing Reynoso's sentence and held that the defendant was "not . . . eligible for a reduction in his sentence below the 120-month statutory minimum" and thus was "not entitled to any additional reduction in his sentence."  United States v. Reynoso, No. 12-1037 (1st Cir. Dec. 10, 2012) (ECF No. 90).  That statutory mandatory minimum remains the lowest available Guideline sentence under § 5G1.1(b), even though the revised drug quantity calculations would otherwise reduce the sentencing range.  Therefore, Reynoso is not eligible for any further reduction.  See U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(A) ("the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range").

**SO ORDERED.**

**DATED THIS 12TH DAY OF MAY, 2015**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**